MISSOURI PACIFIC RAILROAD COMPANY ET AL. *v.* HINKLE.

4-4762

Opinion delivered October 25, 1937.

R. E. *Wiley* and *Richard M. Ryan,* for appellants.
*Glover & Glover,* for appellee.

McHANEY, J. Appellee, a minor, brought this action by her mother as next friend, against appellant to recover damages for personal injuries she alleged she sustained

as a passenger while alighting from one of appellant's trains at Malvern, Arkansas. She alleged that, while attempting to alight with two heavy suitcases and a bucket of syrup, and without assistance from the train porter, the train, after stopping, gave a sudden lurch or jerk, throwing her to the station platform from the train, and caused her severe and painful injuries. Issue was joined on the alleged negligence and there was a plea of contributory negligence. Trial to a jury resulted in a verdict and judgment in her favor for $750.

The two general assignments of error relied on for a reversal of the judgment are, 1, that the verdict and judgment are not supported by the evidence, and 2, that the court erred in giving and in refusing to give certain instructions.

As to the first contention, there is no dispute that appellee is a colored girl, a minor fifteen years of age, and that she was a passenger on appellant's train from Fulton to Malvern, Arkansas, having purchased a ticket and paid her fare. It is, also, practically without dispute that she fell, in alighting from the train in Malvern. Appellant's only contention is, in this regard, that "there was a total failure to show any negligence on the part of the defendants or the operators of the train," that is, no proof of a sudden lurch or jerk of the train. We cannot agree that the evidence is lacking in this respect. Appellee testified as follows, in describing how the injury occurred and the cause of it:

"Q. Tell the jury in your own way just how you got hurt? A. The train reached Malvern, and train porter came through and called the station, and went on out somewhere. I thought he would go back and get my suitcases and he never came back, and I got up and got my suitcases and come out to the door where you step out of the train and the train jerked and threw my two suitcases and syrup out and I fell down. Q. Describe the movement of the train. A. It jerked or did something— I don't know what it did: It stopped suddenly and then jerked. Q. Jerked you and threw you off? A. Yes, sir. Q. Where was the porter at that time? A. I don't know

where he was. Q. Was he there to assist you at all in getting off? A. No, sir, he did not do anything.''

Another witness, Booker Hughes, testified that the train gave a sharp jerk causing her to fall out, and a number of others testified to seeing the accident, saw her come out with the two suitcases and the bucket; saw her fall and otherwise corroborating her testimony. Appellant's witnesses contradicted her as to the jerk of the train and as to her fall and injury. This is sufficient to take the case to the jury and its verdict, on a disputed question of fact, is binding here.

It is, also, argued that the court erred in giving each of appellees instructions 1, 2, 4 and 5. We think these instructions are all correct declarations in this case with the exception of No. 4, which coupled up the right of recovery for the negligent movement of the train with the alleged negligence of appellants' servants ''in negligently failing to exercise ordinary care to assist her off of said train.'' The porter testified that he did take her two suitcases out for her at Malvern, a fact which she denied. There was no specific objection to this instruction, or at least the abstract does not show what it was, and we think no prejudice resulted, even though it were erroneous. Objections made to the other instructions are without merit.

The court gave all of appellant's requested instructions except its request for a directed verdict and its No. 7A, as follows:

''You are instructed that the defendant company is not liable for the jolts and jars of a train that are necessarily incident to the starting, stopping and running of said train, and if you find and believe from the preponderance of the evidence that there was such a jolt or jar of said train, as stated above, which caused the plaintiff to fall then you are told that the defendant would not be liable.'' No error was committed in this regard. It was not contended that the jerk or lurch relied on was one incident ''to the starting, stopping and running of said train.'' The basis of the action, as we understand it, was

a sudden jerk or lurch of the train given it after stopping and as the passenger was alighting.

We find no error, so the judgment must be affirmed.